James A. Dumas, Jr. (SBN 76284)
Christian T. Kim (SBN 231017)
Miri L. Kim (SBN 269838)
DUMAS & ASSOCIATES
3435 Wilshire Boulevard
Suite 990
Los Angeles, California 90010
Phone:   213-368-5000
Fax:      213-368-5009

Attorneys for Plaintiff and Chapter 7 Trustee,
Carolyn A. Dye

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>FREMONT INVESTMENT HOLDINGS, INC. aka FREMONT INVESTMENT FUNDING, a California corporation,<br><br>Debtor | Case No.: 2:11-bk-31045-PC<br><br>Chapter 7<br><br>Adversary No.:<br><br>Honorable Peter Carroll |
| CAROLYN A. DYE, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>vs.<br><br>FABIO PEREZ, an individual d/b/a THE ELECTRIC GATE MEN CO.<br><br>Defendant. | **COMPLAINT:**<br>1)    **ON PROMISSORY NOTE**<br><br>[11. U.S.C. §§ 323, 542, 543, Fed. R. Bankr. Proc. R. 6009] |

///

///

///

///

COMES NOW, Plaintiff and Chapter 7 Trustee Carolyn A. Dye, as and for her complaint herein, complains and alleges as follows:

## I.

## **THE PARTIES AND JURISDICTION**

1. The Plaintiff Carolyn A. Dye ("Plaintiff") is the duly appointed and acting Chapter 7 bankruptcy trustee for the Estate of Fremont Investment Holdings, Inc. The debtor, Fremont Investment Holdings, Inc. ("the Debtor"), filed for bankruptcy protection under Chapter 7 of the Bankruptcy Code on May 14, 2011.

2. The Debtor is a California corporation and was a real estate service and investment company.

3. Defendant FABIO PEREZ is an individual located at 8500 Kewen Avenue, Sun Valley, California ("PEREZ") doing business as THE ELECTRIC GATE MEN CO. Plaintiff is informed and believes, and thereon alleges that PEREZ is the principal of THE ELECTRIC GATE MEN CO. Plaintiff is informed and believes, and thereon alleges that THE ELECTRIC GATE MEN CO. is an electric gate repair services business.

4. This action is brought pursuant to the Trustee's power to assert any claim under applicable law owned by the Debtor as of the time of its bankruptcy filing and pursuant to the provisions of Bankruptcy Code Sections 323, 542, 543, and Federal Rule of Bankruptcy Procedure Rule 6009.

5. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157 because this is a civil proceeding arising in and/or related to the Debtor's chapter 7 case.

6. This is a core proceeding under 28 U.S.C. § 157(b)(2). Venue in the Central District of California, Los Angeles Division, is proper pursuant to 28 U.S.C. § 1409(a) because the Debtor's chapter 7 bankruptcy case is pending in this district and division.

///
///
///

## II.

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

7. Plaintiff refers to the allegations set forth in paragraph 1 through 6 hereof and incorporates said allegations herein as if fully set forth hereat.

8. On February 4, 2010, for value received, defendant PEREZ, executed a "Promissory Note" in favor of the Debtor promising to pay $37,000 to the Debtor, in the form of monthly payments of $555.00 of principal and interest, with the balance all due and payable on or before January 15, 2012. The interest rate set forth in the Promissory Note was usurious and plaintiff is not now seeking to collect interest on the obligation in excess of the legal limit. To the extent, if at all, payments were made to the Debtor prior to the filing of the bankruptcy, they served to reduce the principal balance. The Promissory Note provided for a late charge equal to three percent of the amount due on all payments that were delinquent more than fifteen days. If the Debtor would be required to bring a legal action to enforce the Promissory Note, it would be entitled to recover reasonable attorneys' fees and costs. A true and correct copy of the Promissory Note is attached hereto as **"Exhibit A"** and incorporated herein as if fully set forth hereat.

9. Plaintiff is informed and believes, and on that basis alleges, that, on or about February 4, 2010, in consideration of the Promissory Note, the Debtor loaned PEREZ $37,000 and that, prior to the bankruptcy filing on May 14, 2011, PEREZ had never made any payments to the Debtor on account of this loan or the Promissory Note. Since the filing of the bankruptcy plaintiff has made demand upon PEREZ for payment in accordance with the Promissory Note and one payment of $555.00 was made on June 30, 2011. As such, the sum of $36,445, plus interest at the legal rate from March, 2010, plus late charges, are all now due.

## III.

## FIRST CLAIM FOR RELIEF ON PROMISSORY NOTE AGAINST ALL DEFENDANTS

10. Plaintiff refers to the allegations set forth in paragraph 1 through 9 hereof and incorporates said allegations herein as if fully set forth hereat.

11. The Debtor provided adequate consideration for the obligations undertaken by PEREZ in

1 | the Promissory Note.

2 |     12. Defendant has failed to make payments due in accordance with the Promissory Note in spite of demands therefor.

    13. There is now due and unpaid from defendant the sum of $36,445 plus interest at the legal rate from March, 2010, plus late charges for each payment due from March, 2010 to January, 2012.

    14. Plaintiff is entitled to an award of damages against defendant for the sum of $36,445, plus interest at the legal rate from March, 2010, plus late charges for each payment due from March, 2010 to January 2012, plus an award of reasonable attorneys' fees and costs according to proof.

## V.
## PRAYER

WHEREFORE, Plaintiff prays for judgment as follows:

1. For damages of $36,445.00 against Fabio Perez d/b/a The Electric Gate Men Co. according to proof;
2. For prejudgment interest according to proof;
3. For late fees according to proof;
4. For reasonable attorneys fees and costs of suit;
5. For such other relief as the Court deems just and proper.

Dated: April 26, 2013        DUMAS & ASSOCIATES

By: _____
James A. Dumas,
Attorneys for Plaintiff, Carolyn A. Dye

# EXHIBIT "A"

# EXHIBIT "A"

5

# Promissory Note

**Principal: $37,000.00**          Los Angeles, California          **Thursday, February 04, 2010**

U.S. Gate supply client, **Fabio Perez DBA The Electric Gate Men Co.**, Borrower Promise to Pay: For value paid directly to U.S. Gate Supply to clear past due invoices and money due in the amount of $37,000, **Fabio Perez DBA The Electric Gate Men Co.** (hereinafter referred to as "**Borrower**") promises to pay in lawful money of the United States of America, to: **Fremont Investment Holdings Inc.** (hereinafter referred to as "**Lender**") or order, at a place designated by payee, the principal sum of **$37,000.00(Thirty-Seven Thousand dollars 00/100 Dollars)** with interest in like lawful money from The United States of America until paid on or before **January 15, 2012** (hereinafter referred to as the "Maturity Date"), bearing interest at the rate of eight-teen percent (18%) per annum. Interest shall accrue on the unpaid principal balance.

1. Re – Payment Schedule:
**$555.00 per month** to be applied to the Interest payable on the 1st of each month, commencing on **February 15, 2010**. Payments shall be applied to the Interest before being applied to the Principal.
If any balance remains on this note on the Maturity Date **(January 15, 2012)**, said balance shall be paid in full to the Lender by Borrower on the Maturity Date. Borrower shall mail monthly payments to Lender to **Fremont Investment Holdings Inc P.O. BOX 4444 Sunland CA 91041**, or to any alternate address Lender may designate and inform Borrower of from time to time.

2. Borrower's Failure to Pay/Default:
    (A) Late Charge for Overdue Payments: If the Borrower is more than 5 days late on paying the monthly payment, Borrower shall pay Lender a late charge of 3% of the overdue payment of principal and interest.
    (B) Default: If Borrower fails to pay Lender the monthly payment or the remaining balance on the Maturity Date, Borrower shall be deemed to be in Default.
    (C) Notice of Default: If Borrower is in Default, the Lender may send Borrower written notice of said Default and demand immediate payment of the total remaining Principal Balance and any and all Interest that has accrued and is due if Default is not cured within 60 days.
    (D) Payment of Lender's Costs and Expenses: If the Lender is required to bring legal action to enforce this note, Borrower shall pay all costs and expenses associated with enforcement of this note to the extent not prohibited by applicable laws, including any such sum as the Court may fix as reasonable attorney's fees.

3. Uniform Secured Note: This Note protects the Note Holder from possible losses which might result if Borrower does not keep the promises which Borrower makes in this Note. Under some conditions Borrower may be required to make immediate payment in full of all amounts due under this Note: Borrower, unconditionally, jointly and severally, personally guaranties to Lender, its successors, or its assignees, the prompt full payment and performance of Note obligations of Borrower that are or may become due and owing to Lender, including, but not limited to, all obligations arising out of the Loan Agreement between the parties and all extensions or renewals of it in the same manner as if the Loan Agreement was signed between Lender and the undersigned directly, as borrower.

Page 1 of 2          Initials_____ Initials_____

4. This is an irrevocable, unconditional, and absolute guaranty of payment and performance and the undersigned agrees that (his/hers) liability under this Note and Guaranty will be immediate and will not be contingent upon the exercise or enforcement by Lender of whatever remedies it may have against the Borrower or others, or the enforcement of any lien or realization upon any security Lender may at any time possess. In connection with any litigation or arbitration to determine the undersigned's liability under this Personal Guaranty, the undersigned expressly waives (his/hers) right to trial by jury and agrees to pay cost and attorney fees as fixed by the court or arbitrator.

5. All parties agree that their rights and obligations under this Guaranty shall be governed by and be interpreted in accordance with the law of the State of California.

6. A faxed copy of this Promissory Note will have the same force and legal effect as the original.

　　　IN WITNESS TO THE FOREGOING, the undersigned signed this note and guaranty on **February 4, 2010**. We/I further instruct FIF, Inc. to immediately pay U.S. Gate Supply **$37,000.00**, which represents, past due invoices/payments owed equal to this dollar amount. All future payments on this note will be made directly to Fremont Investment Funding.

_____    2-4-10
Fabio Perez DBA The Electric Gate Men Co.        Date

Third Party Witness of Signature #1

I, _Lucy Tobar_____, witnessed and acknowledge the following borrower(s) signed this document.

_____    2-4-10
Witness signature                Date

Third Party Witness of Signature #2

I, _Amy Chavez_____, witnessed and acknowledge the following borrower(s) signed this document.

_____    2-4-10
Witness signature                Date

**Reminder-Please make sure the application has been INTIALED, SIGNED, WITNESSED and DATED in the appropriate areas. Both *Witnesses can be any person and does not have to be a notary.***

7

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| James A. Dumas, Jr. (SBN 76284)<br>DUMAS & ASSOCIATES<br>3435 Wilshire Boulevard, Suite 990<br>Los Angeles, CA 90010<br><br>Tel: 213-368-5000<br>Fax: 213-368-5009<br>email: jdumas@dumas-law.com<br><br>*Attorney for Plaintiff* | |

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| In re:<br><br>FREMONT INVESTMENTS HOLDINGS, INC., aka FREMONT INVESTMENT FUNDING, a California Corporation,<br><br>Debtor(s). | CASE NO.: 2-11-bk-31045-PC<br><br>CHAPTER: 7<br><br>ADVERSARY NUMBER: |
|---|---|
| CAROLYN A. DYE, Chapter 7 Trustee,<br><br>Plaintiff(s)<br>Versus<br><br>FABIO PEREZ, an individual d/b/a THE ELECTRIC GATE MEN CO.<br><br>Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint. You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page. The deadline to file and serve a written response is _____. If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

**Hearing Date:** _____
**Time:** _____
**Courtroom:** _____

**Place:**
- [X] 255 East Temple Street, Los Angeles, CA 90012
- [ ] 3420 Twelfth Street, Riverside, CA 92501
- [ ] 411 West Fourth Street, Santa Ana, CA 92701
- [ ] 1415 State Street, Santa Barbara, CA 93101
- [ ] 21041 Burbank Boulevard, Woodland Hills, CA 91367

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2012    Page 1    F 7004-1.SUMMONS.ADV.PROC

**You must comply with LBR 7016-1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court-approved joint status report form is available on the court's website (LBR form F 7016-1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016-1.STATUS.REPORT.ATTACH). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

                                              KATHLEEN J. CAMPBELL
                                              CLERK OF COURT

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: _____

                                    By: _____
                                                Deputy Clerk

B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>CAROLYN A. DYE, Chapter 7 Trustee | **DEFENDANTS**<br>FABIO PEREZ d/b/a THE ELECTRIC GATE MEN CO. |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>James A. Dumas, Jr., Dumas & Associates<br>3435 Wilshire Boulevard, Suite 990, Los Angeles, CA 90010<br>213-368-5000 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☑ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☑ Other<br>☐ Trustee |
| **CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)<br>COMPLAINT: (1) ON PROMISSORY NOTE<br><br>[11 U.S.C. §§ 323, 542, 543, Fed. R. Bankr. Proc. R. 6009] ||

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☑ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $36,445.00 |
| Other Relief Sought ||

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR<br>FREMONT INVESTMENT HOLDINGS, INC. | BANKRUPTCY CASE NO.<br>2:11-bk-31045-PC |||
| DISTRICT IN WHICH CASE IS PENDING<br>CENTRAL | DIVISION OFFICE<br>LOS ANGELES || NAME OF JUDGE<br>Hon. Peter Carroll |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE || NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>*/s/ James Dumas* ||||
| DATE<br>04/26/2013 || PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>JAMES A. DUMAS, JR. ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.